**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| American Federation of Teachers,<br>555 New Jersey Ave. N.W.<br>Washington DC 20001-2079 | Civil Action No.1-:25-cv-00802-RBW<br><br>Judge Reggie B. Walton |
|       Plaintiff, | |
| v. | **DECLARATION OF DR. CARLY BAETZ IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| U.S. Department of Education,<br>400 Maryland Avenue, SW<br>Washington, DC 20202 | |
| Linda McMahon, in her official<br>capacity as Secretary of Education,<br>400 Maryland Avenue, SW<br>Washington, DC 20202 | |
|       Defendants. | |

---

I, DR. CARLY BAETZ, hereby declare as follows:

1. I am above the age of 18 and have personal knowledge of the facts set forth in this Declaration.

2. I submit this Declaration in support of Plaintiff's Motion for a Temporary Restraining Order.

3. I currently owe $80,660.37 on multiple federal student loans, which include both consolidated and unconsolidated Direct Loans.

4. I took out my first loan in 1998 to attend American University. I then took out more debt to go to law school at the University of Florida in 2004.

1

5. I moved to New York where I practiced as a public defender before deciding to get my PhD in psychology at City University of New York. After receiving my PhD, I was a clinical psychologist working with youth involved in the juvenile justice system.

6. I am now an Associate Professor at a public university. My current work focuses on treating justice-involved youth with histories of trauma exposure, conducting research on the implementation of trauma-informed practices in the juvenile justice system, and providing trauma-informed training and consultation to juvenile justice professionals.

7. I never pursued a well paying job in private practice or with big law, both because of my passion for juvenile justice, but also because of the assurance that I would be able to take care of my loans through the Public Service Loan Forgiveness program.

8. While I was already making payments in one of the other income-driven repayment plans, I chose to switch to the SAVE repayment plan when it became available.

9. I am now stuck in the SAVE Forbearance and am not able to count the time in my current employment towards PSLF.

10. I called the Department of Education and was told that I could not make payments on my loans.

11. But for the SAVE forbearance, I would be on track to have nearly half of my loans forgiven in May, and the remainder forgiven this fall.

12. Because of the uncertainty in the student loan system and to figure out what steps I needed to take to preserve my eligibility for PSLF, I reached out to an attorney to discuss my student loan options on March 7, 2025.

13. I was told that I would need to change into a different income-driven repayment plan in order to make payments that would count towards PSLF. However, I have not been able to

apply for a different repayment plan because the application is no longer available on studentaid.gov.

14. Before the SAVE repayment plan became unavailable, I finally felt hopeful and believed that I might actually get my loans forgiven.

15. This debt impacts me every day. I have a two and a half year old son and I worry about being able to provide for his health and education. This debt impacts the choices my family makes every day and the risks that my family is willing to take. I would like to buy a better home for my family to live in which I cannot do with this debt.

16. The uncertainty of this situation is causing me a great deal of anxiety. I don't know how much longer I will need to make payments on this debt. I am unable to budget or make financial plans for the future.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 24 2025.

*[signature]*

DR. CARLY BAETZ