IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS,<br><br>                *Plaintiff*,<br><br>     v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>                *Defendants*. | No. 1:25-cv-802-RBW |

**JOINT STATUS REPORT**

On April 11, 2025, the Court contacted counsel for the parties and posed the following questions:

> In light of the defendants' representations that the income-driven repayment plan application processing will begin again on May 10, do the parties still wish to go forward with the motion hearing next Thursday? Or would they prefer coming back for a status conference sometime after May 10 once the Court has more information about whether the defendants have indeed begun processing the applications?

The Court further directed the parties to provide their answers in a joint status report by the end of the day on April 11. The parties hereby provide their joint status report:

At this time, the parties agree that the Court should not hear Plaintiff's motion for a temporary restraining order or preliminary injunction, ECF No. 10, currently scheduled for April 17, 2025. The parties disagree, however, on the appropriate path for further proceedings.

**Plaintiff's Position**

The plaintiff agrees that events have overtaken the original issues raised in the complaint, and that it is appropriate to delay the motion for a temporary restraining order or preliminary injunction until further facts are developed, including the deadline for the plaintiff's reply brief, current due on April 15, 2025. Alternatively, the Court could deny the pending motion without

prejudice to refiling as suggested by the defendants below. The plaintiff respectfully requests that the Court require the defendants to disclose a number of specific things in order to enable the Court and plaintiff to ascertain the extent to which the defendants' actions have or have not fully addressed the issues. While the plaintiff agrees that the Court should not hear the pending motion on April 17, 2025, it is clear from this Joint Status Report that the parties have substantially different views as to what steps should take place next. The plaintiff stands ready to appear before the court on April 17, 2025, in order to discuss those differences, if the Court would find this to be helpful.[1]

Based on the information currently available to the plaintiff, it profoundly doubts the defendants' assertions that they have fully met their statutory obligations to restored access to Income-Driven Repayment plans and that the plaintiff and its members are therefore no longer harmed. Although borrowers can now apply for an Income-Driven Repayment plan and are not required to make monthly payments while their application is being processed, until a borrower is actively enrolled in an Income-Driven Repayment plan they continue to experience harm.

Specifically, if the defendants were meeting their statutory obligations, borrowers who work in public service, such as plaintiff's members, would have their applications approved and could be accruing credit under the Public Service Loan Forgiveness program. While their Income-Driven Repayment applications are pending, however, they cannot accrue credit toward the Public Service Loan Forgiveness program, which is why defendants' Stop Order and pause of any processing is so distressing. Many of plaintiff's members with pending applications would have already accrued their final months and would have had their debts cancelled but for the delay in

---

[1] The parties have corresponded previously with the court to reschedule the motion hearing for the afternoon on April 17, 2025 at 1:30 p.m.

enrolling them in an Income-Driven Repayment plan. *See* ECF No. 10-3, ¶ 12 ("I should have accrued the three remaining [Public Service Loan Forgiveness] credits by August 2024, at which point I should have had my loans forgiven."); ECF No. 10-2, ¶ 10 ("By July 2024, I had made 115 qualifying payments, and most of my loans, exactly $78,907.74, were on track to be forgiven in November 2024). For public service workers who seek to retire, transition to the private sector, or are laid off from their public service jobs while their applications are pending—and who therefore will no longer have qualifying employment for Public Service Loan Forgiveness, 34 C.F.R. § 685.219(c)(ii) (requiring qualifying employment while making qualifying payments and applying for forgiveness)—a pending application has the effect of preventing them from obtaining debt relief that they would otherwise have already received.

Although the defendants have represented that these public service workers can obtain Public Service Loan Forgiveness credit for this time through the Buyback program (ECF No. 25 at 28) (citing 34 C.F.R. § 685.219(g)(6)), the information available to the plaintiff is that this program has not actually begun operating. A number of the plaintiff's members have attempted to benefit from the program and to date have had their applications stuck in review there, too. *See* ECF No. 10-3, ¶ 13 (describing a Buyback application pending since November 2024); (ECF No. 10-2, ¶ 12 (describing a Buyback application pending since December 2024). The plaintiff has also heard from borrowers who have been told by Defendants that their current forbearances are ineligible for the Buyback program, casting further doubt as to whether the program is a viable cure for their current harm. Further, no equivalent Buyback program is currently available for cancellation under IDR itself, which means months lost due to pending applications cannot be recuperated for that purpose.

The plaintiff's concern is underscored by the fact that defendants merely represent that they "expect" to begin processing applications by May 10, 2025, (ECF No. 25, at 9). The defendants, however, have not guaranteed that processing will commence on that date. Further, the defendants have not confirmed the extent of the backlog in applications. It is plaintiff's understanding that even before the IDR applications were restored last month, the defendants had a backlog of over one million borrowers with pending applications.[2] This suggests that plaintiff and its members' ongoing harms could last well beyond May 10, 2025, stretching on for months, if not years.

To better evaluate the issues present in the plaintiff's motion, the plaintiff requests the Court require the defendants to provide the following information:

1. The number of pending Income-Driven Repayment applications;

2. The anticipated time required to review an Income-Driven Repayment application;

3. Any instructions to contractors regarding processing Income-Driven Repayment applications related to the anticipated May 10, 2025, date;

4. The number of pending Public Service Loan Forgiveness Buyback applications;

5. The number of Public Service Loan Forgiveness Buyback applications that have been reviewed;

6. The number of Public Service Loan Forgiveness Buyback applications that have been approved and denied, respectively; and

7. Any instructions to contractors related to processing Public Service Loan Forgiveness Buyback applications, including about the eligibility of the various forbearances in which borrowers have been placed.

---

[2] Letter from U.S. Senators to Education Secretary McMahon 2 (Mar. 7, 2025), https://www.wyden.senate.gov/imo/media/doc/3725_letter_to_department_of_education_on_student_loan_repaymentspdf.pdf.

Further, the plaintiff seeks a commitment from the defendants that borrowers whose Income-Driven Repayment applications are pending due to no fault of their own be held harmless for the ongoing delay. Specifically, the defendants should commit to processing pending applications in a reasonable timeframe and that the defendants credit borrowers with time toward Public Service Loan Forgiveness for any months during which their applications are pending.

For these reasons, the plaintiff respectfully requests that the Court hold its pending motion in abeyance (or deny the motion without prejudice to refiling) and order the defendants to provide the above-requested information within two weeks. After such information is provided, the plaintiff agrees that a further status hearing in May would be appropriate to discuss further proceedings in the case.

**Defendants' Position**

Defendants agree with Plaintiff that "events have overtaken the original issues raised in the complaint." *Supra* at 1. As outlined in Defendants' brief in opposition to Plaintiff's motion for a temporary restraining order or preliminary injunction, ECF No. 25, Defendants also believe that Plaintiff's motion has similarly been overtaken by events. Accordingly, Defendants agree that the hearing on Plaintiff's motion should not go forward at this time. But Defendants further suggest that, for the reasons given in their opposition brief, the Court should deny Plaintiff's motion. Defendants note that the Court's denial would be without prejudice to Plaintiff's ability to file an amended motion at a later date based on changed circumstances. In the alternative, Defendants recognize that the Court may wish to simply hold Plaintiff's motion in abeyance.

Defendants further propose that they should file a status report by May 12, 2025, informing the Court of the status of their efforts to restart the processing of income-driven repayment plan applications. Thereafter, the parties should appear for a status conference no later than May 16,

2025, to discuss whether there is a need for further proceedings in this case. In the meantime, Defendants respectfully suggest that the Court should stay their deadline to answer the complaint, which is currently May 19, 2025, pending a determination at the status conference whether any further proceedings are necessary.

Notwithstanding Defendants' proposals above, Defendants object to Plaintiff's request that the Court impose on Defendants the extensive reporting obligations and requirements Plaintiff outlines *supra* at 4–5. Plaintiff's request would, in essence, impose obligations on Defendants substantially similar to the relief Plaintiff has sought through its motion for a temporary restraining order or preliminary injunction. *Compare supra* at 4–5 *with* Pl.'s Proposed Order, ECF No. 10-7, at 1 (proposing that Defendants be required "to ensure that applications are processed in [a] timely manner and shall file weekly updates regarding the number of applications processed and the number of applications still waiting to be processed until further order of the Court"). And imposing the detailed reporting obligations Plaintiff requests would embroil the court in micromanaging the Department of Education's operation of its income-driven repayment programs in exactly the way Defendants' opposition brief explained would be improper. *See, e.g.*, ECF No. 25, at 19–20, 30–31; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890 (1990) (finding no right to judicial review under the Administrative Procedure Act of "continuing (and thus constantly changing) operations" of an agency). Plaintiff should not be permitted to circumvent the showing required to obtain the injunctive relief it seeks merely by re-cloaking its request in the guise of seeking a status report.

For these reasons, Defendants respectfully request that the Court (1) cancel the April 17 hearing on Plaintiff's motion for a temporary restraining order or preliminary injunction, (2) deny

Plaintiff's motion at this time, (3) order Defendants to file a status report by May 12, 2025, informing the Court of the status of their efforts to restart the processing of income-driven repayment plan applications, (4) schedule a status conference with the parties, to be held no later than May 16, 2025, and (5) stay Defendants' deadline to answer the complaint pending a determination as to whether there is a need for further proceedings in this case.

Dated: April 11, 2025

*/s/ F. Paul Bland*
Julie Selesnick, DC Bar No. 485558
F. Paul Bland (pro hac vice)
BERGER MONTAGUE PC
1001 G Street, NW
Suite 400 East
Washington, DC 20001
T. 202.221.5279
F. 215.875.4604
jselesnick@bm.net
pbland@bm.net

E. Michelle Drake (por hace vice)
John G. Albanese (pro hac vice)
BERGER MONTAGUE PC
1229 Tyler Street NE
Suite 205
Minneapolis, MN 55413
T. 612-594-5999
emdrake@bm.net
jalbanese@bm.net

Persis Yu, DC Bar No. 90014714
STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of
the Shared Ascent Fund)
1025 Connecticut Ave NW, #717
Washington, DC 20036
(202) 618-1328
persis@protectborrowers.org

R. T. Winston Berkman-Breen, NY Bar No. 55593
Khandice Lofton (OH Bar No. 0101015)

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cody T. Knapp*
CODY T. KNAPP
Trial Attorney (NY #5715438)
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of
the Shared Ascent Fund)
40 Rector Street, 9th Floor
New York, NY 10006
winston@protectborrowers.org
khandice@protectborrowers.org

*Attorneys for Plaintiff*