## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

American Federation of Teachers, *et al*.

         Plaintiffs,

v.

U.S. Department of Education, and
Linda McMahon, in her official
capacity as Secretary of Education,

         Defendants.

Civil Action No. 1:25-cv-00802-RBW

**PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION**

Pursuant to Fed. R. Civ. P. 23(b)(2), plaintiffs Lise Naugle, Sandy Cashman, Philip Whitley, and Kiva Iverson hereby move for certification of the classes against defendants U.S. Department of Education and Linda McMahon for violations of the Administrative Procedures Act. The plaintiffs further request that the Court appoint Lise Naugle, Sandy Cashman, Philip Whitley, and Kiva Iverson as Class Representatives and Berger Montague PC and the Student Borrower Protection Center as Class Counsel.

The grounds for this motion are more fully set forth in the accompanying brief.

Pursuant to Local Civil Rule 7(f), the plaintiffs hereby request oral argument be held on this motion.

Respectfully submitted,

Date:   September 16, 2025

/s/ John G. Albanese

Julie Selesnick, DC Bar No. 485558
F. Paul Bland*
BERGER MONTAGUE PC
1001 G Street, NW
Suite 400 East
Washington, DC 20001

1

T. 202.221.5279
F. 215.875.4604
jselesnick@bergermontague.com
pbland@bergermontague.com

E. Michelle Drake*
John G. Albanese*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999
F. 612.584.4470
emdrake@bergermontague.com
jalbanese@bergermontague.com

Persis Yu, DC Bar # 90014714
STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of the
Shared Ascent Fund)
1025 Connecticut Ave NW, #717
(202) 618-1328
persis@protectborrowers.org

R. T. Winston Berkman-Breen, NY Bar No.
5559372
Khandice Lofton*
STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of the
Shared Ascent Fund)
40 Rector Street, 9th Floor
New York, NY 10006
winston@protectborrowers.org
khandice@protectborrowers.org

*pro hac vice
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

American Federation of Teachers, *et al*.,

      Plaintiffs,

v.

U.S. Department of Education; Linda McMahon,
in her official capacity as Secretary of Education,

      Defendants.

Civil Action No. 1:25-cv-00802-RBW

---

**STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

---

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND ........................................................................................................... 2

    A.  Congress requires the Defendants to create and provide borrowers access to income-driven repayment plans .......................................................................................... 2

    B.  The Biden Administration attempts to revise the income-contingent repayment plans and litigation ensues ........................................................................................................ 4

    C.  The Department continues to withhold IDR debt cancellation ............................................ 5

    D.  The proposed class representatives ...................................................................................... 6

III. ARGUMENT ................................................................................................................. 9

    A.  The proposed classes satisfy the requirements of Rule 23(a) ............................................ 9

       a.  The Class Members Satisfy Numerosity ............................................................................ 9

       b.  The Classes Present Common Questions of Law and Fact .............................................. 10

       c.  The Plaintiffs' Claims Are Typical of Class Members' Claims ...................................... 11

       d.  Plaintiffs and Plaintiffs' Counsel Will Adequately Protect the Interests of The Proposed Classes ............................................................................................................ 12

    B.  The proposed classes satisfy Rule 23(b)'s requirements ................................................. 13

IV. CONCLUSION .............................................................................................................. 14

## **TABLE OF AUTHORITIES**

**Cases**

*Bynum v. District of Columbia*, 214 F.R.D. 27 (D.D.C. 2003) .................................................. 11, 12

*Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68 (D.D.C. 2015) ......................... 11

*D.L. v. District of Columbia*, 302 F.R.D. 1 (D.D.C. 2013) ........................................................ 9

*Garcia Ramirez v. ICE*, 338 F. Supp. 3d 1 (D.D.C. 2018) ........................................................ 13

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ............................................................... 10

*Hardy v. District of Columbia*, 283 F.R.D. 20 (D.D.C. 2012) ................................................... 11

*Howard v. Liquidity Servs. Inc*., 322 F.R.D. 103 (D.D.C. 2017) ............................................... 11

*Hoyte v. D.C.*, 325 F.R.D. 485 (D.D.C. 2017) .......................................................................... 13

*J.D. v. Azar*, 925 F.3d 1291 (D.D.C. 2019) .............................................................................. 10, 13

*Kidd v. Mayorkas*, 343 F.R.D. 428 (C.D. Cal. 2023) ............................................................... 10

*Missouri v. Biden*, 738 F. Supp. 3d 1113 (E.D. Mo. 2024) ....................................................... 5

*Missouri v. Trump*, 128 F.4th 979 (8th Cir. 2025) ................................................................... 5

*N.S. v. Hughes*, 335 F.R.D. 337 (D.D.C. 2020) ....................................................................... 10

*O.A. v. Trump*, 404 F. Supp. 3d 109 (D.D.C. 2019) ................................................................ 12, 13, 14

*R.I.L-R v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015) ........................................................... 13

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393 (2010) ...................... 9

*Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33 (D.D.C. 2007) ......................................... 9, 10

*Thorpe v. Dist. of Columbia*, 303 F.R.D. 120 (D.D.C. 2014). ................................................... 10, 11

*Twelve John Does v. District of Columbia*, 117 F.3d 571 (D.C. Cir. 1997) ............................... 12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .............................................................. 10, 11, 13

*In re White*, 64 F.4th 302 (D.C. Cir. 2023) ............................................................................... 1

**Rules & Statutes**

20 U.S.C. § 1087e, *et seq.* .................................................................... 3, 4

20 U.S.C. § 1098e, *et seq.* .................................................................... 3, 4

26 U.S.C. § 108, *et seq.* ....................................................................... 4

34 C.F.R. § 682, *et seq.* ....................................................................... 4

34 C.F.R. § 685, *et seq.* .................................................................... 3, 4, 6

Pub. L. 119-21, 139 Stat. 72, 348 (July 4, 2025) .................................... 3

88 Fed. Reg. 43,820 ......................................................................... 3, 4

90 Fed. Reg. 3695 ............................................................................ 3

Fed. R. Civ. P. 23 ........................................................................ *passim*

## I.    INTRODUCTION

Individual plaintiffs and proposed class representatives Philip Whitley, Lise Naugle, Sandy Cashman, and Kiva Iverson move the Court to certify the following Classes and appoint them and their counsel as class representatives. A class action is appropriate in this case regarding the United States Department of Education's ("the Department") withholding of income-driven repayment ("IDR") plans and cancellations of debt from hundreds of thousands of student loan borrowers. The Department is depriving student loan borrowers of their rights under the Congressionally-mandated Income Based Repayment ("IBR") and Income Contingent Repayment ("ICR") plans, including the Pay as Your Earn ("PAYE") plan[1].

The plaintiffs seek to certify the following nationwide Classes under Federal Rule of Civil Procedure 23(b)(2)[2]:

> IDR Denial Class (Proposed Representative: Plaintiff Iverson):
> All borrowers who have had their IDR application denied because their IBR application was denied after July 4, 2025 due to an asserted lack of a partial financial hardship.
>
> IBR Cancellation Class (Proposed Representatives: Plaintiff Whitley, Plaintiff Naugle, Plaintiff Iverson, and Plaintiff Cashman):
> All borrowers who have made the required payments for loan cancellation under the IBR program but have not yet received cancellation.
>
> ICR Cancellation Class (Proposed Representatives: Plaintiff Whitley, Plaintiff Naugle, Plaintiff Iverson, and Plaintiff Cashman):
> All borrowers who have made the required payments for loan cancellation under the ICR or PAYE plans but have not yet received cancellation.

The proposed Classes readily satisfy the requirements of Rule 23.

---

[1] In the First Amended Complaint, there are two additional plaintiffs: Plaintiff Ted Wegner and Plaintiff Rachel Dubreuil, who had pending buyback applications for Public Student Loan Forgiveness.  On September 10, 2025 (the day after the First Amended Complaint was filed), both Plaintiffs Wegner and Dubreuil received notice that their applications had been processed and accepted.

[2] The Classes proposed here differ from those proposed in the First Amended Complaint.  The Court has discretion to change the class definition from that asserted in the complaint.  *In re White*, 64 F.4th 302, 315 (D.C. Cir. 2023) ("Rule 23 charges district courts ultimately with 'defin[ing] the class.'") (quoting Fed. R. Civ. P. 23(c)(1)(B)).

Numerosity is present because, according to the Department's own status reports in this action, there are over a million people with pending IDR applications. There are also reasonably thousands of borrowers that are awaiting and entitled to loan cancellation. There are common questions that will generate common answers, including whether the Department's conduct violates the Administrative Procedure Act. The plaintiffs' claims and injuries are typical of those whom they seek to represent. The plaintiffs are represented by experienced counsel with significant experience litigating class actions. And, the Department has acted or refused to act on grounds that apply generally to the class members, so that final injunctive relief or corresponding declaratory relief is appropriate for the Classes as a whole. *See* Fed. R. Civ. P. 23(b)(2).

The Court should grant class certification under Rule 23(b)(2), appoint the plaintiffs as class representatives, and appoint the undersigned as class counsel.

## II.     BACKGROUND

### A.  Congress requires the Defendants to create and provide borrowers access to income-driven repayment plans

As part of the federal student loan program, Congress enacted two separate but related provisions requiring the Secretary of Education ("the Secretary") to offer repayment options that tie a borrower's monthly payment to their income. Each payment plan has different characteristics that vary meaningfully with respect to the calculation of monthly payments, the length of the repayment term (and if/when the loans are forgiven after a certain amount of time in repayment), and the amount of discretionary income that factors into the equation. The plans created by these statutes are broadly referred to as income-driven repayment plans or IDR.

First, the Department is required to offer an Income-Based Repayment program or IBR. Congress directed: the "Secretary shall carry out a program" under which a borrower who has a partial financial hardship may elect, during any period the borrower has the partial financial

hardship, "to have the borrower's aggregate monthly payment for all such loans not exceed" a payment formula set by statute. 20 U.S.C. § 1098e(b). The One Big Beautiful Bill upon enactment ended any requirement that borrowers have to demonstrate a partial financial hardship to access Income-Based Repayment. Pub. L. 119-21, 139 Stat. 72, 348, 356 (July 4, 2025). The Department has acknowledged that it has a mandatory duty to offer Income-Based Repayment plans to borrowers. 88 Fed. Reg. 43,820, 43,837 (Department "do[es] not believe that sunsetting the IBR plan is permitted by section 493C(b) of the [Higher Education Act] which authorized the IBR plan.").

Using this statute, the Department created a plan called the Income-Based Repayment plan ("IBR"). 34 C.F.R. § 685.209(a). To ensure that borrowers would not remain indebted forever, Congress provided that the Secretary must cancel a borrower's outstanding principal and interest due if they have ever elected to participate in IBR and they have made qualifying payments for a period not to exceed 25 years. *See* 20 U.S.C. § 1098e(b)(7).

Congress also required the Secretary to offer at least one Income-Contingent Repayment plan ("ICR"). The ICR statute mandates that "the Secretary shall offer a borrower of a loan . . . an income contingent repayment plan, with varying annual repayment amounts based on the income of the borrower." 20 U.S.C. § 1087e(d)(1)(D). Using this statute, the Secretary created three plans: the Income-Contingent Repayment Plan (ICR Plan), the Pay As You Earn Plan (PAYE Plan), and the Revised Pay As Your Earn Plan (REPAYE Plan, later, as described below, renamed the Saving on a Valuable Education or SAVE Plan). 34 C.F.R. § 685.209(a). The Department has also acknowledged its mandatory obligation to offer ICR to direct loan borrowers. *See* 90 Fed. Reg. 3695 (Jan. 15, 2025) (explaining that certain changes were being made to meet the "Department's statutory obligation under the [Higher Education Act] to offer borrowers an income-contingent

repayment plan."). Like the Income-Based Repayment statute, the Income-Contingent Repayment statute provides that the payment term for borrowers in an ICR shall not exceed 25 years. 20 U.S.C. § 1087e(d)(1)(D).

When a borrower satisfies the statutory repayment obligations under an IDR plan, Congress provided that their loans should be automatically cancelled, with no further action by the borrower. *See* 20 U.S.C. § 1098(e)(b)(7); 34 C.F.R. § 685.209(k).

Prior to March 2021, when borrowers satisfied the statutory requirements for loan cancellation under one of the IDR plans, namely enrollment in an IDR plan for 20 or 25 years, the cancelled amount was typically treated as taxable income. *See* 26 U.S.C. § 108(e)(1). However, in March 2021, through the American Rescue Plan Act of 2021, Congress provided that no federal student loan cancellation shall be a taxable event for federal income tax purposes for discharges occurring after December 31, 2020, and before January 1, 2026. 26 U.S.C. § 108(f)(5). Borrowers who satisfy the requirements for loan cancellation through the end of 2025 are entitled by statute to this tax treatment, the consequences of which are extremely significant for individuals.

**B. The Biden Administration attempts to revise the income-contingent repayment plans and litigation ensues**

On July 10, 2023, the Department issued a final rule to improve its ICR program—specifically the REPAYE Plan (which was renamed the SAVE Plan). *See* Improving Income Driven Repayment for the William D. Ford Fed. Direct Loan Program and the Fed. Family Ed. Loan (FFEL) Program, 88 Fed. Reg. 43820 (July 10, 2023). The Department also wanted to simplify borrowers' options, and so it sunsetted enrollment in the other two ICR plans (the ICR Plan and PAYE Plan).

Certain provisions of the Rule were designated for early implementation and went into effect in 2023. *See* 34 C.F.R. § 682. As a result, millions of student loan borrowers, including

thousands of public service workers, enrolled in the SAVE Plan in 2023 and the first half of 2024. In April 2024, a group of states sued the Department in the U.S. District Court for the Eastern District of Missouri. The lawsuit focused on SAVE; it did not challenge the other income-contingent repayment plans (the ICR Plan and the PAYE Plan), nor did it focus on the IBR Plan.

The district court entered an injunction blocking the loan forgiveness aspect of the SAVE Plan, and then the case went on appeal to the Eighth Circuit. *See Missouri v. Biden*, 738 F. Supp. 3d 1113, 1123 (E.D. Mo. 2024). On February 18, 2025, the Eighth Circuit found that the forgiveness provisions of the SAVE Plan were likely invalid. *Missouri v. Trump*, 128 F.4th 979, 991–96 (8th Cir. 2025). Because, in the Eighth Circuit's view, the provisions were interconnected with the rest of the Rule, the court expanded the injunction to all aspects of the SAVE Plan. *Id.* at 997–98. The Eighth Circuit also opined on the forgiveness provisions of the pre-2023 version of the REPAYE Plan, concluding that the forgiveness provisions of the prior REPAYE Plan were likely invalid. *Id.*

On April 14, 2025, the U.S. District Court for the Eastern District of Missouri modified its preliminary injunction to conform with the Eighth Circuit's February order, and did not enjoin or touch on the IBR statute, the PSLF, or the ICR and PAYE Plans. *State of Missouri v. Trump*, No. 4:24-cv-00520, ECF No. 69 (E.D. Mo. April 14, 2025).

### C.  The Department continues to withhold IDR debt cancellation

The Department is withholding loan cancellation from borrowers who qualify to have their loans cancelled under the Higher Education Act.

The IDR plans all provide for debt cancellation after a prescribed period of time, ranging from 20 to 25 years, or 240 to 300 monthly payments. Both the enjoined and the prior regulations stated that the Department would process debt cancellation automatically.[3]

Although a preliminary injunction in the SAVE litigation prohibits the Department from providing IDR cancellation pursuant to the SAVE Plan, nothing is preventing the Department from cancelling eligible borrowers' debts through the IBR, ICR, or PAYE Plans. Despite this, as of September 2025, on its website in response to the question, "Is ED processing IDR forgiveness?" the Department's response is that, "Forgiveness as a feature of the SAVE, PAYE, and ICR Plans is currently paused, because those plans were not created by Congress."[4]

The Department's answer on its website continues by acknowledging that it "can and will still process loan forgiveness for the IBR Plan," but that ". . . [c]urrently, IBR forgiveness is paused[.]"[5] The Department is therefore refusing to provide lawful debt cancellation under the PAYE and ICR Plans, and is withholding debt cancellation under IBR, which it concedes is required by law.

### D.  The proposed class representatives

The plaintiffs and proposed class representatives illustrate the harms caused by the Department's conduct. Lise Naugle has dutifully paid her loans for over 25 years, but the

---

[3] The IBR regulations in effect immediately prior to the finalization of the now-enjoined rules further elaborate that "[w]hen the Secretary determines that a borrower has satisfied the loan forgiveness requirements under paragraph (f) of this section on an eligible loan, the Secretary cancels the outstanding balance and accrued interest on that loan. No later than six months prior to the anticipated date that the borrower will meet the forgiveness requirements, the Secretary sends the borrower a written notice that includes . . . An explanation that the borrower is approaching the date that he or she is expected to meet the requirements to receive loan forgiveness." 34 C.F.R. 685.221(f)(5)(i) (as it was in effect on June 30, 2024). The enjoined regulations state, "The Secretary tracks a borrower's progress toward eligibility for forgiveness under paragraph (k) of this section and forgives loans that meet the criteria under paragraph (k) of this section without the need for an application or documentation from the borrower." 34 C.F.R. 685.209(l)(11).

[4] IDR Plan Court Actions: Impact on Borrowers, U.S. Dep't of Educ., https://studentaid.gov/announcements-events/idr-court-actions (listed visited Sept. 15, 2025).

[5] *Id.*

Department is depriving her of her statutory right to have her loans cancelled through IBR. (*See* Declaration of Lise Naugle ¶ 5.)[6] After years in the IBR Plan, she switched to the SAVE Plan because it offered more affordable monthly payments but switched back to the IBR Plan in order to continue making payments toward cancellation through IDR, although the IBR Plan payments were more expensive. (*Id.* ¶¶ 7-8.) She reached 300 qualifying payments in May 2025, but the Department has refused to cancel her loans through IBR. (*Id.* ¶¶ 9-10.) As a result, she has continued to make monthly payments of over $700, for fear of becoming delinquent or entering default on her loans. (*Id.*) If her loans are not cancelled before January 1, 2026, when her loans are eventually cancelled, she will face federal income tax liability on her discharged loan amount that she would not have to pay if her loans had been promptly cancelled. (*Id.* ¶ 16.) Her loan balance is currently approaching $200,000. (*Id.* ¶ 5.) Because she qualifies to have her loans cancelled through IBR, she also qualifies to have them cancelled through ICR.

Plaintiff Philip Whitley, a retiree, borrowed approximately $110,000 in federal student loans, which has ballooned to over $750,000. (Declaration of Philip Whitley ¶¶ 4-5.) According to a message that he received from Federal Student Aid in February 2025, Plaintiff Whitley had 310 qualifying payments toward cancellation under IBR. (*Id.* ¶ 8.) He has accrued additional time since then, putting him well beyond the 300 qualifying payments necessary to have his loans cancelled through the IBR Plan.  (*Id.* ¶ 9.) Because the Department has refused to process his cancellation, he has had to continue to make monthly payments of approximately $105 to avoid becoming delinquent or entering default. (*Id.*) If his loans are not cancelled before January 1, 2026, when his loans are eventually cancelled, he will face federal income tax liability on his discharged loan amount that he would not have to pay if his loans had been promptly cancelled. (*Id.* ¶ 10.)

---

[6] The Declarations cited herein are being filed concurrently with the plaintiffs' motion for preliminary injunction.

Because he qualifies to have his loans cancelled through IBR, he also qualifies to have them cancelled through ICR.

Plaintiff Sandy Cashman, an AFT member, is a retired government worker who has over $115,000 in federal student loan debt. (Declaration of Sandy Cashman ¶ 5.) She has persistently made payments on her loans for decades, and in July 2025, after enrolling in IBR, Federal Student Aid informed her that she was eligible to have her loans cancelled. (*Id.* ¶¶ 6, 8.) She also confirmed that she had satisfied the qualifying payment requirements using Federal Student Aid's online payment calculator tool. (*Id.* ¶¶ 9-10.) The Department still has not cancelled her loans, forcing her to continue making monthly payments of $687. (*Id.* ¶ 11.) These are unaffordable payments for Plaintiff Cashman, but she has continued to pay because of the severe consequences of becoming delinquent or entering default. Due to the Department's failure to cancel her debts as required by federal law, Plaintiff Cashman has at times had to choose between paying her student loans and paying for her medical care. (*Id.* ¶ 13.) If her loans are not cancelled before January 1, 2026, when her loans are eventually cancelled, she will face federal income tax liability on her discharged loan amount that she would not have to pay if her loans had been promptly cancelled. (*Id.* ¶ 14.) Because she qualifies to have her loans cancelled through IBR, she also qualifies to have them cancelled through ICR.

Plaintiff Kiva Iverson, an AFT member, works in a medical testing lab and has approximately $250,000 in federal student loan debt enrolled in the ICR plan. (Declaration of Kiva Iversson ¶¶ 4-5, 7.) After being advised by Federal Student Aid to apply for the IBR Plan because she already had 324 qualifying payments that, once enrolled in IBR, would qualify her for debt cancellation, she applied for the IBR Plan in July 2025. (*Id.* ¶¶ 7-11.) She was advised to do this because, even though she is also eligible for cancellation under the ICR program plans, the

Department had stopped cancelling loans under those plans. (*Id.* ¶¶ 9-10.) In August 2025, her application for IBR was denied on the grounds that she did not have a partial financial hardship, although that is not required for IBR. (*Id.* ¶ 11.) This left her enrolled in the ICR Plan. Because of the Department's wrongful denial, Plaintiff Iverson will have to continue making payments on a loan that legally should no longer exist. If her loans are not cancelled before January 1, 2026, when her loans are eventually cancelled, she will face federal income tax liability on her discharged loan amount that she would not have to pay if her loans had been promptly cancelled. (*Id.* ¶ 12.) Because she qualifies to have her loans cancelled through ICR, and she has elected to enroll in IBR, she also qualifies to have them cancelled through IBR.

### III.    ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in [Rule 23(a)] (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id*. The plaintiffs' proposed Classes satisfy the requirements of Rule 23.

#### A.  The proposed classes satisfy the requirements of Rule 23(a)

##### a.  The Class Members Satisfy Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This "does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." *D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013). Although "[t]here is no specific threshold that must be surpassed," courts in this District "have observed that a class of at least forty members is sufficiently large to meet this requirement."

*Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quotation omitted). Moreover, "classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such class members, much less joining them." *J.D. v. Azar*, 925 F.3d 1291, 1322 (D.D.C. 2019) (quotation omitted). "This is especially true when plaintiff seeks injunctive relief." *N.S. v. Hughes*, 335 F.R.D. 337, 352 (D.D.C. 2020). And the numerosity requirement also takes into account "non-numerical considerations" that affect the ability of plaintiffs to bring individual suits. *J.D.*, 925 F.3d at 1323.

The Department's own status reports in this action indicate there are over one million pending IDR applications (ECF No. 42). And given the sheer number of federally backed student loans, there are thousands of people who are or will be entitled to loan cancellation that are currently being deprived of that benefit. Moreover, applications to the Department for the IDR plans are ongoing, thus future class members in unknown amounts are in the wings. These facts are sufficient to satisfy Rule 23(a)(1). *Kidd v. Mayorkas*, 343 F.R.D. 428, 437 (C.D. Cal. 2023) ("where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied").

### b.  The Classes Present Common Questions of Law and Fact

Commonality is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "[W]here plaintiffs allege widespread wrongdoing by a defendant . . . a uniform policy or practice that affects all class members" satisfies that requirement. *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014).

10

Numerous questions are common to the proposed class members: whether the Department's failure to enroll borrowers in Congressionally-required IDR plans violates the Administrative Procedure Act; whether the Department's failure to provide for statutorily-required loan cancellation through IDR plans violates the Administrative Procedure Act; and the proper scope of injunctive relief. Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 118 (D.D.C. 2017) (even a single common issue will do); *Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68, 82 (D.D.C. 2015) (same); *Thorpe*, 303 F.R.D. at 145 (same). And given these common questions, "factual variations among the class members will not defeat the commonality requirement." *Hardy v. District of Columbia*, 283 F.R.D. 20, 24 (D.D.C. 2012).

Answering these common legal questions will "drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350.

### c.  The Plaintiffs' Claims Are Typical of Class Members' Claims

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is concerned with whether 'the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.'" *Coleman*, 306 F.R.D. at 83 (quoting *Wal-Mart*, 564 U.S. at 349). "While commonality requires a showing that the members of the class suffered an injury resulting from the defendant's conduct, the typicality requirement focuses on whether the representatives of the class suffered a similar injury from the same course of conduct." *Bynum v. District of Columbia*, 214 F.R.D. 27, 34 (D.D.C. 2003) (emphasis in original).

Typicality is satisfied here for largely the same reasons that commonality is satisfied. Each proposed class member, including the proposed class representatives, faces the same principal

injury (deprivation of Congressionally-mandated rights to student loan cancellations and/or repayment plans), caused by conduct by the Department which is unlawful as to all Classes because it violates the Administrative Procedure Act. The plaintiffs thus "share an identical interest in the invalidation of" the Department's conduct. *O.A. v. Trump*, 404 F. Supp. 3d 109, 156 (D.D.C. 2019). Moreover, as with commonality, any factual differences that might exist here between the plaintiffs and proposed class members are not enough to defeat typicality. *See Bynum*, 214 F.R.D. at 34-35.

### d. Plaintiffs and Plaintiffs' Counsel Will Adequately Protect the Interests of The Proposed Classes

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation imposes two criteria on plaintiffs seeking to represent a class: "1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997).

The plaintiffs will fairly and adequately protect the interests of the proposed Classes. The plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests different from or adverse to those of absent class members. Instead, the plaintiffs aim to secure relief that will protect them and all of the Classes from the Department's challenged conduct and to enjoin the Department from further violations. Nor do the plaintiffs seek financial gain at the cost of absent class members' rights.

Proposed class counsel, meanwhile, includes experienced attorneys with extensive

experience in complex class action litigation and student loans.[7] *See generally* www.bergermontague.com/attorneys/john-albanese, www.bergermontague.com/attorneys/paul-bland, www.bergermontague.com/attorneys/drake; *see also* www.protectborrowers.org/about/our-team/.

### B.  The proposed classes satisfy Rule 23(b)'s requirements

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The D.C. Circuit has explained that a "principal purpose of Rule 23(b)(2) . . . is to enable class resolution of civil-rights claims alleging classwide deprivations of protected rights." *J.D.*, 925 F.3d at 1314. "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 1314-15 (quoting *Wal-Mart*, 564 U.S. at 360).

Rule 23(b)(2) is satisfied here. "[T]he suit challenges a policy 'generally applicable' to all class members." *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 182 (D.D.C. 2015). A determination that the Department's conduct as to IDR plans and applications and cancellations, "is unlawful would resolve all class members' claims 'in one stroke.'" *Id.* (quoting *Wal-Mart*, 564 U.S. at 350). And that relief would benefit the plaintiffs as well as all members of the proposed classes in the same fashion. "The relief Plaintiffs seek" is thus both "'generally applicable to the class'" and

---

[7] "It is 'far from clear' . . . 'that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification.'" *O.A.*, 404 F. Supp. 3d at 159 (quoting *Garcia Ramirez v. ICE*, 338 F. Supp. 3d 1, 48 (D.D.C. 2018)). Moreover, any such requirement has been "'disavowed by four federal appellate courts.'" *Id.* (quoting *Hoyte v. D.C.*, 325 F.R.D. 485, 489 n.3 (D.D.C. 2017)). Even assuming such a requirement exists, the proposed Classes here are readily ascertainable because membership in the Classes is defined by clear and objective criteria that are known to the defendants and because identifying class members is administratively feasible.

"indivisible," and certification under Rule 23(b)(2) is proper. *O.A.*, 404 F. Supp. 3d at 157.

## IV.    CONCLUSION

The Court should certify the proposed classes under Rule 23(b)(2), appoint the plaintiffs

as class representatives, and appoint the undersigned as class counsel.


Respectfully submitted,

Date:    September 16, 2025              /s/ John G. Albanese

Julie Selesnick, DC Bar No. 485558
F. Paul Bland*
BERGER MONTAGUE PC
1001 G Street, NW
Suite 400 East
Washington, DC 20001
T. 202.221.5279
F. 215.875.4604
jselesnick@bergermontague.com
pbland@bergermontague.com

E. Michelle Drake*
John G. Albanese*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999
F. 612.584.4470
emdrake@bergermontague.com
jalbanese@bergermontague.com

Persis Yu, DC Bar # 90014714
STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of the
Shared Ascent Fund)
1025 Connecticut Ave NW, #717
(202) 618-1328
persis@protectborrowers.org

R. T. Winston Berkman-Breen, NY Bar No.
5559372
Khandice Lofton*

STUDENT BORROWER PROTECTION
CENTER (a fiscally sponsored project of the
Shared Ascent Fund)
40 Rector Street, 9th Floor
New York, NY 10006
winston@protectborrowers.org
khandice@protectborrowers.org

*pro hac vice
*Attorneys for Plaintiffs*