UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN FEDERATION OF TEACHERS <u>et al.</u>, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 25-802 (RBW) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, <u>et al.</u>, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

Upon consideration of the parties' Joint Status Report, ECF No. 54, and for good cause shown, it is hereby

**ORDERED** that the Plaintiffs' Motion for Preliminary Injunction, ECF No. 44 (including its Proposed Order, ECF No. 49-1), is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Plaintiffs' Motion for Class Certification, ECF No. 45, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the defendants' deadline to answer or otherwise respond to the First Amended Complaint (and all other applicable deadlines) is **STAYED** pending further order of the Court. It is further

**ORDERED** that the defendants shall continue processing loan cancellations for borrowers who are eligible for cancellations under the Income-Based Repayment ("IBR") plan. It is further

**ORDERED** that the defendants shall not deny as ineligible any borrower applying for the IBR plan on the ground that the borrower lacks a "partial financial hardship," as previously defined by Section 493C(a)(3) of the Higher Education Act of 1965, 20 U.S.C. § 1098e(a)(3) (2024), and

that the defendants shall hold such borrowers' applications in abeyance until the defendants update their systems to allow for proper processing of these applications. It is further

**ORDERED** that the defendants shall indicate on studentaid.gov that borrowers who applied for the IBR plan on or after July 4, 2025, and were denied on the basis that they lacked a partial financial hardship are invited to reapply.  It is further

**ORDERED** that the defendants shall continue processing loan cancellations for borrowers who are eligible for cancellation under the Original Income Contingent Repayment ("ICR") and Pay As You Earn ("PAYE") plans as long as these plans remain in effect.  It is further

**ORDERED** that the defendants shall continue processing applications for Public Service Loan Forgiveness ("PSLF") Buybacks.  It is further

**ORDERED** that for their internal purposes, the defendants shall use only the date a borrower becomes eligible to have their loans cancelled under the IBR, Original ICR, or PAYE plans as the effective date of discharge of their loans. It is further

**ORDERED** that the defendants shall not file an Internal Revenue Service ("IRS") Form 1099-C for borrowers who becomes eligible for the discharge of their loans in 2025 if the conditions in IRS Notice 2022-1 are satisfied.  It is further

**ORDERED** that for the defendant's internal purposes, when a borrower (1) has achieved eligibility under the Saving on a Valuable Education ("SAVE") plan, (2) applies to transfer to one of the IBR, Original ICR, or PAYE plans on or before December 31, 2025, and (3) that application is approved on or after January 1, 2026—the date that borrower becomes eligible for cancellation under the new plan constitutes the effective date of their loan discharge, even if that date falls on or before the date the borrower's application was approved. It is further

**ORDERED** that any borrower who qualifies to have their loan discharged through an Income-Driven Repayment ("IDR") plan (which includes IBR, Original ICR, and PAYE) shall continue to be reimbursed for any payments made on the loan after the final payment that qualified them for a discharge. It is further

**ORDERED** that the defendants shall file six status reports that provide public information about certain topics raised in this litigation. The defendants' first status report shall be due 30 days after the current lapse in federal government appropriations ends, and subsequent status reports shall be due every 30 days thereafter. It is further

**ORDERED** that after the filing of the sixth status report, the parties shall confer about the need for further reporting, and (if necessary) shall inform the Court of their positions on whether further reporting is necessary. It is further

**ORDERED** that each status report shall include the following information about the last full calendar month preceding the date of the report (<u>i.e.</u>, a status report due on November 15, 2025, shall provide information about October 1 to October 30):

1. The number of IDR plan applications that were received during the preceding month;

2. The number of IDR plan applications that were pending at the end of the preceding month;

3. The number of IDR plan applications that were decided during the preceding month. If possible, that number shall specify whether an IDR plan application was approved or denied;

4. The number of borrowers whose loans were discharged under an IDR plan during the preceding month. If possible, that number should specify whether the discharge was pursuant to the IBR, Original ICR, or PAYE plans;

5. The number of PSLF Buyback applications that were received during the preceding month;

6. The number of PSLF Buyback applications that were pending at the end of the preceding month;

7. The number of PSLF Buyback applications that were decided (that is, processing has been completed by the defendants) during the preceding month, including an indication regarding the number that were approved versus those that were denied; and

8. The number of borrowers whose loans were discharged under PSLF during the preceding month. It is further

**ORDERED** that in the defendants' first status report, the defendants shall explain the method that the Department of Education used to identify borrowers whose loans are eligible for discharge through the IDR plans. It is further

**ORDERED** that in the defendants' first status report, the defendants shall indicate the number of borrowers whose applications for the IBR plan were denied on or after July 4, 2025, on the ground that the borrower lacked a partial financial hardship.

**SO ORDERED** this 23rd day of October, 2025.

REGGIE B. WALTON  
United States District Judge